**SEALED**

*KSC/04.21.25*
JTW: USAO #2024R00616

USDC- BALTIMORE
'25 APR 23 PM4:15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | CRIMINAL NO. MJM 25cr121 |
| | * | |
| v. | * | (Distribution and Possession with the |
| | * | Intent to Distribute Controlled |
| **WARREN WILLIAMS,** | * | Substances, 21 U.S.C. § 841(a); |
| | * | Possession of a Firearm by a Prohibited |
| | * | Person, 18 U.S.C. § 922(g)(1); |
| Defendant. | * | Forfeiture, 18 U.S.C. § 924(d), 21 U.S.C. |
| | * | § 853, and 28 U.S.C. § 2461(c)) |
| | * | |

## INDICTMENT

### COUNT ONE
(Distribution and Possession with the Intent to Distribute Controlled Substance)

The Grand Jury for the District of Maryland charges that:

On or about March 18, 2025, in the District of Maryland, the Defendant,

**WARREN WILLIAMS,**

did knowingly and intentionally distribute and possess with the intent to distribute 40 grams or more of a quantity of a mixture or substance containing a detectible amount of N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propanamide, commonly called fentanyl, a Schedule II controlled substance.

21 U.S.C. § 841(a)
21 U.S.C. § 841(b)(1)(B)

## COUNT TWO
**(Distribution and Possession with the Intent to Distribute Controlled Substance)**

The Grand Jury for the District of Maryland further charges that:

On or about March 18, 2025, in the District of Maryland, the Defendant,

**WARREN WILLIAMS,**

did knowingly and intentionally distribute and possess with the intent to distribute a quantity of a mixture or substance containing a detectible amount cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)
21 U.S.C. § 841(b)(1)(C)

## COUNT THREE
**(Possession of Firearms by a Prohibited Person)**

The Grand Jury for the District of Maryland further charges that:

On or about March 18, 2025, in the District of Maryland, the Defendant,

**WARREN WILLIAMS,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, to wit: a Glock 19, Gen 5, 9mm, semi-automatic pistol, bearing serial number BZKK874, and a Smith and Wesson, Equalizer, 9mm ammunition semi-automatic pistol, bearing serial number PJH2119; and both firearms were in and affecting commerce.

18 U.S.C. § 922(g)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Counts One through Three of this Indictment.

### Narcotics Forfeiture

2. Upon conviction of the offense alleged in Counts One or Two of this Indictment, the Defendant,

**WARREN WILLIAMS,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and

   b. any property used or intended to be used in any manner or part, to commit, or to facilitate the commission of, such offense.

### Firearm and Ammunition Forfeiture

3. Upon conviction of the offense alleged in Count Three of this Indictment, the Defendant,

**WARREN WILLIAMS,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offense.

### Property Subject to Forfeiture

4. The property to be forfeited includes, but is not limited to:

4

    a. a Glock 19, Gen 5, 9mm, semi-automatic pistol, bearing serial number BZKK874; and

    b. a Smith and Wesson, Equalizer, 9mm ammunition semi-automatic pistol, bearing serial number PJH2119.

### Substitute Assets

4. If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

*Kelly O. Hayes*
Kelly O. Hayes
United States Attorney

Digitally signed by JAMES WALLNER
Date: 2025.04.22 09:50:19 -04'00'

**SIGNATURE REDACTED**

Foreperson

4/23/25
Date